# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DDJ, LLC; and DDJ, INC., | CASE NO. 1:12-mc-00038-LJO-SKO |
| Debtors. | **ORDER REQUIRING APPELLANTS TO COMPLETE AND FILE APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*** |
| JOE FLORES; CONNIE FLORES, | (Docket No. 1, 2) |
| Appellants, | |
| v. | |
| JAMES E. SALVEN, Trustee; et al., | |
| Appellees. | |

## I.    INTRODUCTION

Appellants Joe Flores and Connie Flores ("Appellants") are seeking to proceed with a bankruptcy appeal, which has been referred to the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") bearing BAP Nos. EC-12-1125, EC-12-1126, EC-12-1127, EC-12-1128, EC-12-1129, EC-12-1130, EC-12-1132, EC-12-1133, EC-12-1187, EC-12-1188, EC-12-1189, EC-12-1190, EC-12-1191, and EC-12-1192, and Bk. Nos. 05-10001 and 05-10002.  (Doc. 1.)

Appellants filed a request with the BAP for a waiver of filing copies of excerpts of the record on appeal, based upon financial hardship. (Doc. 1, pp. 3-7.) The BAP determined that, under the holding of *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992) and *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 496 (9th Cir. BAP 1995), the BAP has no authority to grant *in forma pauperis* requests under 28 U.S.C. § 1915(a) because bankruptcy courts are not "court[s] of the United States" as defined in 28 U.S.C. § 451. (Doc. 1, p. 2.) The district court, however, has the authority to determine whether a person's financial hardship warrants a waiver of costs. *See* 28 U.S.C. § 1915(a). Therefore, the BAP transferred appellants' request to this Court for the limited purpose of ruling on appellants' *in forma pauperis* request.

## II. DISCUSSION

The BAP referred the matter to this Court because a bankruptcy court is not a "court of the United States" within the meaning of 28 U.S.C. § 1915(a), and thus lacks authority to grant *in forma pauperis* motions. *See In re Perroton*, 958 F.2d 889 (9th Cir. 1992).

Title 28 U.S.C. § 1915(a) provides in substance and in pertinent part that any court of the United States may authorize the commencement and prosecution of any action or appeal therein without prepayment of fees or security therefor by a person who submits an affidavit that includes a statement of all assets the person possesses, and that the person is unable to pay such fees.

Appellants have submitted a request for a waiver of filing copies of excerpts of the record due to financial hardship and are seeking a court's determination as to their financial status. (Doc. 1, pp. 3-7.) Appellants declare that "the cost of producing copies of excerpts of the record on [the] Above Referenced Appeals will be a financial hardship on Appellants." (Doc. 1, Joe Flores Decl., p. 7, ¶ 6; Connie Flores Decl., p. 8, ¶ 6.) However, Appellants have not provided the Court with sufficient information to determine their financial situation.

The Clerk of the Court shall provide the Appellants with an application to proceed *in forma pauperis*. Appellants shall complete the application to proceed *in forma pauperis* and shall file the application by no later than September 21, 2012, so as to provide the Court with the necessary information to determine whether Appellants' request for a fee waiver should be granted.

///

2

### III. CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that:

1. The Clerk of the Court IS DIRECTED to:

    a. Send to Appellants an application to proceed *in forma pauperis* for a person out of custody; and

    b. Serve Appellants Joe and Connie Flores with a copy of this order and the application to proceed *in forma pauperis* by mail at P.O. Box 3086, Visalia, California, 93278; and

2. Appellants ARE DIRECTED to complete and file the application to proceed *in forma pauperis* no later than **September 21, 2012.**

IT IS SO ORDERED.

Dated: September 13, 2012          /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE