# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DDJ, LLC; and DDJ, INC., <br><br> Debtors. <br>_____ <br> JOE FLORES; CONNIE FLORES, <br><br> Appellants, <br><br> v. <br><br> JAMES E. SALVEN, Trustee; et al., <br><br> Appellees. <br>_____/ | CASE NO. 1:12-mc-00038-LJO-SKO <br><br> **ORDER GRANTING APPELLANTS' APPLICATIONS TO PROCEED WITHOUT PREPAYMENT OF FEES** <br><br> **ORDER TRANSFERRING THE MATTER TO THE UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT** <br><br> **ORDER DIRECTING THE CLERK OF COURT TO SERVE THIS ORDER ON THE PARTIES AND THE BANKRUPTCY APPELLATE PANEL** <br><br> (Docket Nos. 1, 3, 4) |

## I. INTRODUCTION

Appellants Joe Flores and Connie Flores ("Appellants") are seeking to proceed with a bankruptcy appeal, which has been referred to the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") bearing BAP Nos. EC-12-1125, EC-12-1126, EC-12-1127, EC-12-1128, EC-12-1129, EC-12-1130, EC-12-1132, EC-12-1133, EC-12-1187, EC-12-1188, EC-12-1189, EC-12-1190, EC-12-1191, and EC-12-1192, and Bk. Nos. 05-10001 and 05-10002. (Doc. 1.)

Appellants filed a request with the BAP for a waiver of filing copies of excerpts of the record on appeal, based upon financial hardship. (Doc. 1, pp. 3-7.) The BAP determined that, under the

holding of *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992) and *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 496 (9th Cir. BAP 1995), the BAP has no authority to grant *in forma pauperis* requests pursuant to 28 U.S.C. § 1915(a) because bankruptcy courts are not "court[s] of the United States" as defined in 28 U.S.C. § 451. (Doc. 1, p. 2.) The district court, however, has the authority to determine whether a person's financial hardship warrants a waiver of costs. *See* 28 U.S.C. § 1915(a). Therefore, the BAP transferred Appellants' request to this Court for the limited purpose of ruling on Appellants' *in forma pauperis* request.

On September 13, 2012, the Court ordered Appellants to provide further information by completing and submitting applications to proceed *in forma pauperis*. (Doc. 2.) On September 17, 2012, Appellants each filed applications. (Docs. 3, 4.)

## II.  DISCUSSION

The BAP referred the matter to this Court because a bankruptcy court is not a "court of the United States" within the meaning of 28 U.S.C. § 1915(a), and thus lacks authority to grant *in forma pauperis* motions. *See In re Perroton*, 958 F.2d 889 (9th Cir. 1992).

Tile 28 U.S.C. § 1915(a) provides in pertinent part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets [the person] possesses," and that the person is unable to pay such fees.

Appellants have submitted a request for a waiver of filing copies of excerpts of the record due to financial hardship and are seeking a court's determination as to their financial status. (Doc. 1, pp. 3-7.) Appellants declare that "the cost of producing copies of excerpts of the record on [the] Above Referenced Appeals will be a financial hardship on Appellants." (Doc. 1, Joe Flores Decl., p. 7, ¶ 6; Connie Flores Decl., p. 8, ¶ 6.) On September 17, 2012, the Court found that Appellants had not provided the Court with sufficient information to determine their financial situation. (Doc. 2.)

Pursuant to the Court's order, Appellants filed applications to proceed *in forma pauperis*. (Docs. 3, 4.) The Court has reviewed the applications submitted by Appellants as well as the

supporting documents contained in the BAP's "Order Transferring IFP Motion to District Court" (Doc. 1), and finds that Appellants have made the showing required by 28 U.S.C. § 1915(a) to proceed *in forma pauperis*. Accordingly, the Appellants' applications to proceed *in forma pauperis* are GRANTED.

Further, as this matter was transferred to this Court for the sole and limited purpose of ruling on Appellants' request to proceed *in forma pauperis*, the Court orders the matter transferred to the United States Bankruptcy Appellate Panel of the Ninth Circuit.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Appellants' applications to proceed *in forma pauperis* are GRANTED;
2. This matter is TRANSFERRED to the United States Bankruptcy Appellate Panel of the Ninth Circuit;
3. The Clerk of Court is DIRECTED to serve this order by mail as follows:
    a. Upon Appellants Joe and Connie Flores at P.O. Box 3086, Visalia, California, 93278;
    b. Upon the other parties; and
    c. Upon the United States Bankruptcy Appellate Panel of the Ninth Circuit; and
4. This district court case, No. 1:12-mc-00038-LJO-SKO, shall be administratively closed.

IT IS SO ORDERED.

Dated:   September 19, 2012          /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE